IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 9 2005

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT | § | |
| d/b/a/ PARKLAND HEALTH & HOSPITAL | § | |
| SYSTEM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:05-CV-0582-BF (M) |
| | § | |
| BLUE CROSS BLUE SHIELD of TEXAS, | § | |
| WAL-MART STORES, INC., BETTY | § | |
| SMITH, AND ASSOCIATES' HEALTH | § | |
| AND WELFARE PLAN, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Wal-Mart Stores, Inc. and the Associates' Health and Welfare Plan (collectively "Defendants") move for summary judgment dismissing Dallas County Hospital District d/b/a/ Parkland Health & Hospital System's ("Plaintiff") state-law claim for an open account as preempted by the Employee Retirement Income Security Act ("ERISA").[1] Additionally, Defendants seeks dismissal of Plaintiff's claims based upon failure to exhaust administrative remedies under the Associates' Health and Welfare Plan ("Plan"). They contend their decision to deny medical benefits in this case was proper under the Plan terms. Plaintiff has not responded to the summary judgment motion, filed November 7, 2005, and the time for filing a response has expired.

A defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support the plaintiff's claims because a defendant does not have the burden to prove the plaintiff's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

a defendant directs the court to the absence of evidence, then the plaintiff must go beyond its

pleadings and designate specific facts showing that there is a genuine issue of material fact for

trial. *See id.; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per

curiam). Summary judgment is mandatory when the nonmoving party fails to meet this burden.

*Little*, 37 F.3d at 1076.  A court may not simply enter "default" summary judgment because a

plaintiff failed to respond to a summary judgment motion; nevertheless, the court may accept the

evidence that the defendant adduced as undisputed.  *Tutton v. Garland Indep. Sch. Dist.*, 733 F.

Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.).  Moreover, a plaintiff's failure to respond

means that it has not designated specific facts to show that there is a genuine issue for trial.  *Id.*

"A summary judgment nonmovant who does not respond to the motion is relegated to [its]

unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*,

945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne*

*Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

### Undisputed Material Facts

1.   The Plan covered Defendant Betty Smith ("Smith") for purposes of receiving medical benefits because she was an employee of Wal-Mart Stores, Inc. ("Wal-Mart").  (App. at 2.)

2.   Plaintiff rendered medical treatment to Smith from February 25, 2000,  through March 3, 2000 and charged her $21,053.97 for its goods and services. (Pet. at ¶¶ VI, VII.)

3.   The Plan's 2000 Summary Plan Description contains a section entitled "RIGHT TO REDUCTION, REIMBURSEMENT AND SUBROGATION."  Under that section, there is a subsection entitled "Participant's Responsibility Regarding Right to Reduction and/or Recovery," which states:

> To aid the Plan in its enforcement of its right of
> reduction, recovery, reimbursement and
> subrogation, the participant must, at the Plan's

request and at its discretion:

- Take any action;
- Give information;
- Execute documents so required by the Plan.

Failure to aid the Plan and to comply with such
requests may result in the Plan withholding or
recovering benefits, services, payments or credits
due or paid by under the Plan.

(App. at 7.)

4.    The Plan asked Smith to sign and return a subrogation agreement, but she failed to
do so.  (App. at 2.)

5.    Smith's claims were not covered under the Plan because she failed to sign and
return the subrogation agreement.  (App. at 4.)

6.    The Plan denied the claims that Parkland submitted to the Plan for Smith's
medical treatment because she failed to sign and return the subrogation
agreement.  (*Id.*)

7.    Plaintiff alleges that it is the assignee of Smith's medical benefits, but it did not
attach the alleged assignment to the petition or otherwise make it a part of the
summary judgment record.  (Pet. at ¶ VIII.)

8.    The Plan provides the following claims review procedure:

If your claim for benefits under the Plan is partially or fully denied,
or payment withheld, you will receive a written notice of such
decision . . . .  You will then be entitled to . . . request a review by
the Plan Administrator of such decision denying the claim.  A
request for review must be in writing and sent to the designated
person below within 60 calendar days of the receipt of the denial. .
. . The associate's appeal process does not reduce a participant's
right to initiate legal action.  However, before a participant (or
sponsor) may bring legal action in a court in connection with an
adverse decision under the Plan, he or she must pursue this review
process.  However, no legal action can be brought after the latter of
two years from the filing of the claim or 45 days from the decision
of the review.

(App. at 21-22.)

9.    The Plan also states that "[i]f such request is not made within this time frame, you

3

will be deemed to have waived your right to a review." (App. at 22.)

10.    Smith did not exhaust her administrative remedies before Plaintiff filed suit.  She did not afford the Plan administrator the opportunity to review the denial of her claim, as set out in the Plan's claim review procedure.  (App. at 4.)

11.    The Plan grants discretionary authority to the Administrative Committee:

(The Plan expressly gives the Plan Administrator or the above-mentioned designee(s) discretionary authority to resolve all questions concerning the administration, interpretation, or application of the Plan.)

(App. at 22.)

12.    Plaintiff filed an electronic claim for Smith's medical expenses on or about May 1, 2000.  (App. at 2.)

### Preemption of Plaintiff's State Law Claim

Defendants contend that Plaintiff's state law claim, which is based upon the same facts as its ERISA claim, should be dismissed because it is preempted by ERISA.  Defendants are correct in their assertion that the rights, regulations, and remedies created by ERISA "supersede any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). This language is "deliberately expansive," and is designed to make the regulation of employee benefit plans an exclusively federal concern. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45 (1987).  As a matter of law, ERISA preempts Plaintiff's state law claim. *Id.* Accordingly, Plaintiff can only seek relief under ERISA.[2]   Plaintiff's state law cause of action against

------

[2] Initially, Defendants contend that Plaintiff lacks standing to bring this action because no valid assignment of record supports its allegation in the petition that Smith assigned her claim to Plaintiff.  Defendants are correct that without a valid assignment, Plaintiff lacks standing to bring an ERISA claim. *See* 29 U.S.C. § 1132(a).  This evidentiary defect could be cured by Plaintiff's submission of a valid assignment.  Accordingly, the Court will assume that Plaintiff has a valid assignment and consider Defendants' other grounds for summary judgment which seek dismissal with prejudice.

Defendants is preempted and hereby dismissed with prejudice.

## Exhaustion of Administrative Remedies

To demonstrate an absence of evidence regarding Plaintiff's ERISA claim, Defendants contend that Plaintiff's claim should be dismissed because Smith failed to pursue, much less exhaust, her mandatory administrative remedies. *See Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993) (providing that a plaintiff must exhaust administrative remedies before bringing an ERISA claim); *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990) (holding that plaintiff had no cause of action for the denial of ERISA benefits until she exhausted her administrative remedies).

The claims that Plaintiff submitted to the Plan for Smith's medical treatment were denied because Smith failed to sign and return the subrogation agreement which was a condition precedent to payment under the Plan. Smith did not seek review of the denial, and therefore, she did not exhaust her administrative remedies. She waived her right to review because she did not request review within the time required by the plan. Any attempt to seek review now would be barred by the Plan's time limits.

Assuming that Plaintiff could prove standing, it nevertheless failed to exhaust its administrative remedies before filing suit and is time barred from doing so now. Plaintiff has not adduced any contrary evidence or argument in response to Defendants' summary judgment motion. Accordingly, the Court dismisses with prejudice Plaintiff's state law and ERISA claims against Defendants. Defendants are also entitled to summary judgment dismissing Plaintiff's claim for attorney fees and costs because Plaintiff has not introduced evidence that would permit a reasonable trier of fact to find in its favor on any ground.

## **Conclusion**

Defendants' Motion for Summary Judgment, filed November 7, 2005 is GRANTED.

Signed, January 17, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6