**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DALLAS COUNTY HOSPITAL DISTRICT** | § | |
| **d/b/a/ PARKLAND HEALTH & HOSPITAL** | § | |
| **SYSTEM,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:05-CV-0582-BF (M)** |
| | § | |
| **BLUE CROSS BLUE SHIELD of TEXAS,** | § | |
| **WAL-MART STORES, INC., BETTY** | § | |
| **SMITH, AND ASSOCIATES' HEALTH** | § | |
| **AND WELFARE PLAN,** | § | |
| **Defendants.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Wal-Mart Stores, Inc., and the Associates' Health and Welfare Plan

(collectively "Defendants")[1] move for summary judgment dismissing Dallas County Hospital

District d/b/a/ Parkland Health & Hospital System's ("Plaintiff") state-law claim for an open

account as preempted by the Employee Retirement Income Security Act ("ERISA").[2]

Additionally, Defendants seeks dismissal of Plaintiff's alternative ERISA claim based upon

failure to exhaust administrative remedies under the Associates' Health and Welfare Plan

---

[1] In its Amended Petition, filed April 14, 2005, Plaintiff states that Smith "is a resident of Dallas County, Texas and need not be served with process at this time." Nevertheless, on that same date, Plaintiff caused Summons to be issued and the Summons was returned executed on April 28, 2005. Smith has not answered the petition. Blue Cross and Blue Shield of Texas removed Plaintiff's state court action to this Court and Associates' Health and Welfare Plan consented to the removal. In a "Joint Report/Proposal for Contents of Scheduling Order" Blue Cross Blue and Blue Shield of Texas, Inc., denied that it was the third party administrator for the Plan and asserted that it only provided utilization review services for the Plan. Plaintiff states in its motion for new trial that "It appears from the discovery that Defendant Blue Cross Blue Shield of Texas for valuable consideration sold and/or assigned its rights in its contract with Plaintiff Parkland to Defendant Associates." No assignment appears in the record. Blue Cross and Blue Shield of Texas, Inc., is still a defendant, and Betty Smith is in default.

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

("Plan") and because the claim is barred by the Plan's statute of limitations.  Plaintiff responded

to the summary judgment motion on January 17, 2006, and Defendants filed a Reply on February

17, 2006.  The Court has considered the motion, response, and reply together with the competent

summary judgment evidence submitted by the parties.

### Background

On February 18, 2005, Plaintiff sued Defendants in state court based upon an "open

account for personal services rendered, labor done, and materials furnished, to wit: professional

medical services and materials, on which a systematic record has been kept."  (Pet ¶ V.)  Plaintiff

based its claim upon care given Defendant Betty Smith ("Smith") which resulted in charges in

the amount of $21,053.97.  (*Id.*)  Alternatively, Plaintiff alleged that "in the event that it is

determined that [Smith] was covered by an ERISA plan, [Plaintiff] would respectfully show as a

network provider with an assignment of benefits [Plaintiff] is entitled to bring suit for benefits

due to its assignor, [Smith]."  (Pet ¶ VIII.)  Plaintiff filed a First Amended Petition, and

Defendant filed its "Answer and Affirmative Defenses."  The parties consented to trial of the

case by the United States Magistrate Judge.  The District Court then transferred the case to the

United States Magistrate Judge.  Defendants filed a Motion for Summary Judgment. Plaintiff

filed an untimely response to the summary judgment motion.  The Court entered a Memorandum

Opinion and Order which it subsequently vacated after Plaintiff filed a Motion for New Trial.

The case is before the Court for consideration of Defendants' Motion for Summary Judgment.

### Standard of Review

Summary judgment is appropriate if the pleadings and summary judgment evidence show

that there is no genuine issue with respect to any material fact and that the moving party is

entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).  "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."  *Lynch Prop., Inc. v. Potomac Ins. Co. of Ill.,* 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex,* 477 U.S. at 322-25).

The moving party may meet its initial burden "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325.  If the movant fails to meet its initial burden, the motion must be denied, irrespective of the non-movant's response. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  If the movant meets its burden, the non-movant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.,* 148 F.3d 427, 431 (5th Cir. 1998).  A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings that are unsupported by specific facts presented in affidavits opposing the motion for summary judgment. *See* FED. R. CIV. P. 56(e); *Lujan,* 497 U.S. at 888; *Hightower v. Tex. Hosp. Ass'n,* 65 F.3d 443, 447 (5th Cir. 1995).

Rule 56 does not require the reviewing court to sift through the record in search of evidence. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992).   Parties must "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994).

### Undisputed Material Facts

1.   The Plan covered Defendant Betty Smith ("Smith") for purposes of receiving medical benefits because she was an employee of Wal-Mart Stores, Inc. ("Wal-Mart").  (App. to Defs.' MSJ at 2.)

2.   Plaintiff rendered medical treatment to Smith from February 25, 2000,  through March 3, 2000, and charged $21,053.97 for its goods and services.  (Pet. at ¶¶ VI, VII.)

3.   Smith signed a "Consent to Treatment" with an "Authorization to Pay Benefits" to  Plaintiff.  (Exh. 1, App. to Pl.'s Mot. New Trial.)

4.   The Plan grants discretionary authority to the Administrative Committee:

     (The Plan expressly gives the Plan Administrator or the above-mentioned designee(s) discretionary authority to resolve all questions concerning the administration, interpretation, or application of the Plan.)

     (App. at 22.) On December 31, 1999, and May 2, 2000, Defendants sent Smith an Explanation of Benefits ("EOB") stating "this amount is subject to provider contract requirements with Blue Cross and Blue Shield of Texas, Inc., and is not the responsibility of the participant." (App. to Defs.' MSJ at 11-12, 16.)

5.   On May 1, 2000, Plaintiff electronically filed Claim No. 17441241 with the Plan for $21,103.97 for goods and services provided to Smith from February 25, 2000, through March 4, 2000.  (*Id.* at 10.)

6.   On May 2, 2000, an EOB indicates that Defendants paid directly to Plaintiff the amount of $23.90 for hospital service provided to Smith on March 9, 2000, in response to Claim No. 017203078.  (*Id*. at 12, 17.)

7.   On June 12, 2000, an EOB shows that Claim No. 17441241 had been denied for "additional [information]."  (*Id*. at 13, 18.)

8.   On February 16, 2001, Plaintiff sent Defendants a demand letter for Claim No. 17441241, indicating that Defendants owed $21,103.97 and also contending that Defendants had told them the claim was still pending for subrogation information. (*Id*. at 10.)

9.   On July 9, 2002, an EOB shows that Claim No. 17441241 had been denied for "information not [received]."  (*Id*. at 14 -15, 19-20.)

10.  The Plan provides the following claims review procedure:

> If your claim for benefits under the Plan is partially or fully denied, or payment withheld, you will receive a written notice of such decision . . . .  You will then be entitled to . . . request a review by the Plan Administrator of such decision denying the claim.  A request for review must be in writing and sent to the designated person below within 60 calendar days of the receipt of the denial. . . .  The associate's appeal process does not reduce a participant's right to initiate legal action.  However, before a participant (or sponsor) may bring legal action in a court in connection with an adverse decision under the Plan, he or she must pursue this review process.  *However, no legal action can be brought after the latter of two years from the filing of the claim or 45 days from the decision of the review.*

(App. to Defs.' MSJ at 21-22 [emphasis supplied].)

11.     The Plan also states that "[i]f such request is not made within this time frame, you will be deemed to have waived your right to a review."  (App. to Defs.' MSJ at 22.)

12.     Plaintiff filed suit to recover on Claim No. 17441241 on February, 18, 2005, four years and nine months after it filed the claim.  (State Ct. Pet.; App to Defs.' MSJ at 10.)

### Preemption of Plaintiff's State Law Claim

Defendants contend that Plaintiff's state law claim on an open account should be dismissed because it is preempted by ERISA.  Plaintiff contends that its claim on an open account should be paid because: (1) it was required to provide medical services to Smith, (2) it had a contract with the Plan irrespective of Smith's rights under the plan, and (3) it would be against public policy to grant judgment for Defendants.  Plaintiff further alleges that it has standing under ERISA because it is a network provider, and as such, it is excused from the administrative remedies and time limits required by the Plan.

Defendants are correct in their assertion that the rights, regulations, and remedies created by ERISA "supersede any and all State laws insofar as they may ... relate to any employee

benefit plan." 29 U.S.C. § 1144(a).  This language is "deliberately expansive" and designed to

make the regulation of employee benefit plans an exclusively federal concern.  *Pilot Life Ins. Co.*

*v. Dedeaux,* 481 U.S. 41, 45 (1987); *see Transitional Hosp. Corp. v. Blue Cross & Blue Shield of*

*Tex., Inc*., 164 F.3d 952, 954 (5th Cir. 1999) (holding "state law claims for breach of fiduciary

duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA

when the [medical provider] seeks to recover benefits owed under the plan to a plan participant

who has assigned her right to benefits to the [medical provider])."  As a matter of law, ERISA

preempts Plaintiff's state law claim.  *Id.*  Accordingly, Plaintiff, if it has standing, can only seek

relief under ERISA.  Therefore, any state law claims, including but not limited to contract

claims[3] and open account claims against Defendants, would be preempted.  In its response to

Defendants' Motion for Summary Judgment, Plaintiff has not cited any public policy exception

that excuses it from compliance with ERISA.[4]  The Court finds that any state law claims Plaintiff

may have had against Defendants are preempted by ERISA.

### Plaintiff's Standing and Rights under ERISA

Although health care providers are not statutorily designated as ERISA beneficiaries,

they may sue derivatively to enforce an ERISA plan beneficiary's claim.  *See Harris Methodist*

---

[3] The only state law claim alleged in the petition is the claim on a open account.  Plaintiff alleges in its response to Defendants' motion for summary judgment that Defendants are contractually liable to them.  Even if Plaintiff had alleged a contract claim in the petition, it would be preempted. *See Transitional Hospital Corp.*, 164 F.3d at 954.

[4] In its Motion for New Trial, Plaintiff urges the Court to consider the effect of EMTLA, 42 U.S.C. § 1395dd, which required Plaintiff to provide treatment for Smith because she was brought to the hospital by ambulance.  It claims that because it could not refuse to treat Smith, it would be against public policy to grant judgment for Defendants.  Even public hospitals are subject to procedural requirements such as the statute of limitations.  Plaintiff has not proven that EMTLA creates any such broad based exemption.

*Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 334 (5th Cir.

2005) (citing *Tango Transport v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 893 (5th Cir. 2003).

The first question this Court must address is whether Plaintiff is an assignee of Smith's ERISA

benefits claim.[5]

    "An assignment is 'a manifestation to another person by the owner of a right indicating

his intention to transfer, without further action or manifestation of intention, his right to such

other person or third person.'" *Harris Methodist*, 426 F.3d at 334 (quoting *Wolders Village*

*Mgmt. Co. v. Merchs. & Planters Nat'l Bank of Sherman*, 223 F.2d 793, 798 (5th Cir. 1955)

(internal citations and marks omitted)). "Once a valid assignment is made, 'the assignor's right

to performance by the obligor is extinguished in whole or in part and the assignee acquires a

right to such performance.'" *Harris Methodist*, 426 F.3d at 334 (quoting Restatement (Second )

of Contracts § 317(1) (1981)).  The assignee stands in the shoes of the assignor and has no

greater and no less rights than the assignor.  *Harris Methodist*, 426 F.3d at 334.

    Under Texas law, "[t]he primary concern of a court construing a written contract is to

ascertain the true intent of the parties as expressed in the instrument." *Nat. Union Fire Ins. Co. of*

*Pittsburgh, Pa.,* 907 S.W.2d 517, 520 (Tex. 1995)(citation omitted); *see also Resolution Trust*

*Corp. v. Cramer,* 6 F.3d 1102, 1106 (5th Cir.1993) (The court's ultimate goal in the

interpretation of a contract is to determine the parties' intent.).  Smith signed a consent for

medical treatment form on March 9, 2000, stating that she "authorizes payment directly to

[Plaintiff] of all benefits otherwise payable to me or for me by any third party payor."  (Exh. 1,

App to Pl.'s Mot. New Trial.)  The paragraph is initialed "B.S."  (*Id.*)  This Court can only

---

   [5] The Court must interpret the "consent to treatment form" in accordance with Texas contract
law principles and consider the Plan under ERISA law.

conclude that Smith intended to assign all her benefits, including benefits under the Plan, to

Plaintiff.  As her assignee, Plaintiff would take any and all rights that Plaintiff had under the

Plan, no more and no less.

Plaintiff argues that it has rights greater than Smith had because it is a network provider

with its own contract with the Plan.  Plaintiff has pointed to no competent summary judgment

evidence to support this proposition.  Plaintiff did not request a continuance under Rule 56(f) to

obtain competent summary judgment evidence.  Plaintiff did not file a motion to compel

discovery from Defendants.  The Court can find no basis in the record for Plaintiff's assertion.

Plaintiff points to a statement on the bottom of one of the Plan's "Explanation of Benefits"

addressed to Smith which states that "this amount is subject to provider contract requirements

with Blue Cross and Blue Shield of Texas, Inc., and is not the responsibility of the participant."

This statement, standing alone, would not be sufficient for a jury to find in Plaintiff's favor.

Given ERISA's preemption of all claims other than those under the Plan, the Court cannot find

that Plaintiff has any rights other than its derivative rights as Smith's assignee.

Even assuming that a provider contract required that Plaintiff be paid directly rather than

through the participant, Plaintiff has provided no legal authority that the direct payment

arrangement would excuse Plaintiff from the administrative requirements of the Plan.   One court

has explained the benefits of allowing providers to obtain assignments as follows:

> Many providers seek assignments of benefits to avoid billing the
> beneficiary directly and upsetting his finances and to reduce the risk of non-
> payment.  If their status as assignees does not entitle them to federal standing
> against the plan, providers would either have to rely on the beneficiary to
> maintain an ERISA suit, or they would have to sue the beneficiary.  Either
> alternative . . . would discourage providers from becoming assignees and possibly
> from helping beneficiaries who were unable to pay them 'up-front.'  The
> providers are better situated and financed to pursue an action for benefits owed

for their services.  Allowing assignees of beneficiaries to sue under § 1132(a)
comports with the principle of subrogation generally applied in the law.

*Herman Hosp. v. MEBA Med. & Benefits Plan* ("*Hermann 1*"), 845 F.2d 1286, 1289 n.12 (5th

Cir. 1988).  Plaintiff has not shown that a provider's standing to proceed directly against an

ERISA plan for benefits also excuses the provider from a plan's administrative requirements

such as exhaustion of administrative remedies and a reasonable statute of limitations.

## Statute of Limitations

The Court will next consider Defendants contention that any claim Plaintiff may have

had under ERISA is barred by the Plan's statute of limitations.  The Plan provides as follows:

> If your claim for benefits under the Plan is partially or fully denied, or
> payment withheld, you will receive a written notice of such decision . . . .  You
> will then be entitled to . . . request a review by the Plan Administrator of such
> decision denying the claim.  A request for review must be in writing and sent to
> the designated person below within 60 calendar days of the receipt of the denial. .
> . .  The associate's appeal process does not reduce a participant's right to initiate
> legal action.  However, before a participant (or sponsor) may bring legal action in
> a court in connection with an adverse decision under the Plan, he or she must
> pursue this review process.  *However, no legal action can be brought after the
> latter of two years from the filing of the claim or 45 days from the decision of the
> review.*

(App. to Defs.' MSJ at 21-22 [emphasis supplied].)  Plaintiff makes the conclusory allegation

that it is not subject to the administrative procedures set out in the plan.[6]  In the absence of

evidence or legal authority to support Plaintiff's claim that it is entitled to benefits under the Plan

without meeting any of the Plan's obligations, the Court must address whether Plaintiff's

derivative claims are barred by the limitation period included in the Plan.

---

[6] Plaintiff cites *Dallas County Hospital District v. Associates Health and Welfare Plan*, 293
F.3d 282, 288-89 (5th Cir. 2002).  In that case, the Court decided that a health care provider may
have standing to sue under ERISA by virtue of a valid assignment and allowed derivative
benefits resulting from that assignment. The decision does not excuse an assignee from fulfilling
a Plan's administrative requirements.

ERISA provides no specific limitation period.  Therefore, courts apply state law principles of limitation.  *Harris Methodist*, 426 F.3d at 338.  When a plan designates a shorter limitation period than the state limitation period, the plan limitation period governs, provided that the plan provides a reasonable time.  *Id.*   In this case, Plaintiff does not argue that the Plan's limitation period is not a reasonable time.  Rather, Plaintiff contends that it is not subject to the Plan's administrative requirements.  The Court has previously explained that Plaintiff has no greater rights than Smith and must adhere to the Plan's procedures just as Smith would have been required to do.  Therefore, the Plan's limitation period is applicable.

The Plan requires that suit be brought within two years of filing a claim or within forty-five days of a decision on review.  Plaintiff did not seek review, therefore, the two-year period applies.  Plaintiff's claim was filed electronically on May 1, 2000.  Plaintiff filed suit on February 18, 2005, almost five years after it filed the claim.[7]  Plaintiff's claim is barred by the statute of limitations.[8]

The Court dismisses with prejudice Plaintiff's state law and ERISA claims against Defendants.  Defendants are also entitled to summary judgment dismissing Plaintiff's claim for attorney fees and costs because Plaintiff has not introduced evidence that would permit a reasonable trier of fact to find in its favor on any ground.

---

[7]  Plaintiff waited almost three years after the limitation period expired before it filed suit.

[8]  The Court need not address Defendants' other defenses because the statute of limitations defense is dispositive.

**Conclusion**

Defendants' Motion for Summary Judgment, filed November 7, 2005, is **GRANTED**.

Signed, March 14, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE